NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL ANTHONY AQUINO,**

*Plaintiff-Appellant*

**v.**

**DEPARTMENT OF HEAD CITY OF SALINAS,**

*Defendant-Appellee*

---

2024-1972

---

Appeal from the United States District Court for the Central District of California in No. 2:24-cv-02491-KK-ADS, Judge Kenly K. Kato.

---

Before TARANTO, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

Following this court's show cause order, which neither party responded to, we now dismiss this appeal.

In orders dated May 7, 2024, and May 10, 2024, the district court directed Paul Anthony Aquino to either pay the filing fee or provide additional information in support of his *in forma pauperis* (IFP) request.  On June 13, 2024,

2          AQUINO v. DEPARTMENT OF HEAD CITY OF SALINAS

Mr. Aquino filed a notice of appeal directed to this court seeking review from a decision entered "05/06/2024."[1]

In general, courts only have jurisdiction over appeals if the decisions appealed are final decisions. 28 U.S.C. §§ 1291; 1295(a). Final decisions are those that "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). No such decision has been entered in this case. While the denial of leave to proceed IFP is generally an immediately appealable ruling, *Roberts v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 339 U.S. 844, 845 (1950), the district court has not yet made any definitive ruling on Mr. Aquino's IFP status. Since no court would have jurisdiction under these circumstances, we dismiss.[2]

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

---

[1]  No decision from that date appears on the trial docket.

[2]  We would reach the same bottom-line conclusion here, i.e., dismissal, even if the May 7th and May 10th orders could be construed as denying IFP status. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). To be timely, Mr. Aquino had to file his notice of appeal within 30 days of the entry of the order or judgment from which he seeks review. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4. To the extent Mr. Aquino seeks review of either of those orders, he failed to file a notice of appeal within the jurisdictional deadline for doing so.

AQUINO v. DEPARTMENT OF HEAD CITY OF SALINAS                3

(2) Each party shall bear its own costs.

FOR THE COURT



February 27, 2025
Date

Jarrett B. Perlow
Clerk of Court